UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH JAMES KENDRICK,

    Plaintiff,

v.                              Case No. 5:22-cv-139-TKW/MJF

RICKY D. DIXON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kenneth James Kendrick, DC# 103035, has filed a complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Doc. 3. The undersigned recommends that Plaintiff's motion for leave to proceed *in forma pauperis* be denied and this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Plaintiff is barred under section 1915(g) from proceeding *in forma pauperis*.

### I. Background

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently confined at Apalachee Correctional Institution. Doc. 1 at 2, 17. On July 6, 2022, Plaintiff initiated this action by filing a complaint under 42 U.S.C. § 1983. *Id.* at 16. Plaintiff is suing six defendants: (1) Ricky D. Dixon, in his official capacity as the Secretary of the FDC; (2) Major Brown; (3) Captain Jackson; (4) Sergeant

Taylor; (5) Dr. Hall; and (6) Edward Wesley. Defendants Brown, Jackson, Taylor, Hall, and Wesley are employees of the FDC and work at Holmes Correctional Institution.

While housed at Holmes Correctional Institution, Plaintiff commenced a lawsuit in federal court against the former Secretary of the FDC and two FDC employees. *Id.* at 6; *see Kendrick v. Inch*, No. 5:21-cv-68-TKW/MJF, ECF No. 1 (N.D. Fla. Mar. 29, 2021). Plaintiff asserts that Brown, Jackson, Taylor, Hall, and Wesley began retaliating against Plaintiff because Plaintiff filed the lawsuit. Doc. 1 at 6; Doc. 2 at 2. This retaliation allegedly entailed the following:

- on April 12, 2021, Major Brown offered to perform oral sex on Plaintiff, which Plaintiff refused[1];

- on April 16, 2021, Brown placed Plaintiff in confinement "for no reason";

- on October 18, 2021, Taylor placed a razor blade in Plaintiff's cell while Plaintiff was on suicide watch;

- on October 19, 2021, a disciplinary report was written charging Plaintiff with possession of a weapon;

- between October 16, 2021, and December 1, 2021, Plaintiff's personal property was destroyed;

---

[1] After Plaintiff refused to engage in oral sex, Brown walked away. Doc. 1-1 at 1.

- on December 1, 2021, Plaintiff was transferred to the Apalachee Correctional Institution; and

- on December 21, 2021, Plaintiff's visitation privileges were suspended for a year.

Doc. 1 at 5-7; Doc. 2 at 5-12. Plaintiff asserts that he filed grievances relating to each of these incidents, and Dixon failed to prevent these acts of retaliation.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir.

2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Although Plaintiff identified only one "strike" in response to Question A of the complaint form, Plaintiff has incurred *at least* three strikes:

- *Kendrick v. Crosby*, No. 6:03-cv-1259-GKS/DAB, ECF No. 17 (M.D. Fla. Apr. 21, 2004) (dismissing Plaintiff's claim under section 1915(A)(b) for failure to state a claim for deliberate indifference to a serious medical need)[2];

- *Kendrick v. Florida*, No. 8:11-cv-2402-JSM, ECF No. 5 (M.D. Fla. Oct. 26, 2011) (dismissing Plaintiff's civil-rights complaint pursuant to section 1915A for failure to state a claim upon which relief can be granted); and

---

[2] While under the penalty of perjury, Plaintiff failed to disclose that he filed *Kendrick v. Crosby* and that it was dismissed. Doc. 1. That is, he failed to answer Question A and C of the complaint form honestly. "A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915." *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022).

- *Kendrick v. Inch*, No. 5:21-cv-68-TKW/MJF, ECF No. 19 (N.D. Fla. June 25, 2021) (dismissing Plaintiff's complaint as malicious and for abuse of the judicial process).[3]

Plaintiff, therefore, may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown,* 387 F.3d at 1349. To fall within this exception, Plaintiff's complaint must include "specific, credible allegations of imminent danger of serious *physical* harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).

Here, Plaintiff's allegations—that Defendants engaged in retaliation from April 2021 through December 2021—fail to make a colorable showing that he was under *imminent* danger of serious *physical* injury at the time he filed his complaint. *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Mill's complaint, which concerns limitations to his visitation rights at prison, does not allege danger of serious physical injury."). Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, this case

---

[3] The undersigned takes judicial notice of other lawsuits Plaintiff has filed. Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

should be dismissed without prejudice under section 1915(g). *See Dupree*, 284 F.3d at 1236; *Vanderberg*, 259 F.3d at 1324.

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED**.

2. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee in its entirety.

3. The clerk of court close this case file.

At Pensacola, Florida, this 11th day of July, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order**

**based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**