UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH JAMES KENDRICK,

    Plaintiff,

v.                                     Case No. 5:22-cv-139-TKW-MJF

RICKY D. DIXON, *et al.*,

    Defendants.
                                  /

## **ORDER**

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 9) and Plaintiff's objection (Doc. 12). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case is due to be dismissed under the "three strikes statute," 28 U.S.C. § 1915(g).

The Court did not overlook Defendant's argument that he does not have three strikes. He is wrong. A case does not need have been dismissed "under §1915(g)" to count as a "strike." Instead, the case only needs to have been dismissed "on the grounds that it is [1] frivolous, [2] malicious, or [3] fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(g). Two of the three cases identified by

the magistrate judge (Doc. 9 at 4-5) were dismissed for failure to state a claim,[1] and the third case was dismissed as an abuse of judicial process (i.e., malicious) based on Plaintiff's failure to fully disclose his litigation history. Thus, each of those cases counts as a "strike."

Nor did the Court overlook the motion for leave to amend complaint (Doc. 11) that Plaintiff filed contemporaneously with the objection. However, allowing Plaintiff to file an amended complaint at this point to add the case that he failed to list in response to the litigation history question on the complaint form would not be in the interests of justice. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose cases that he previously omitted from his litigation history because "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form"); *Easley v. Inch*, 2019 WL 3774617, at

---

[1] Plaintiff did not list one of these two cases in this complaint, which provides an independent basis for dismissal of this case. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022).

*2 n.2 (N.D. Fla. Aug. 19, 2019) (denying inmate's motion to amend complaint that was filed contemporaneously with his objections to the magistrate judge's Report and Recommendation because "it would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order

2. This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). The dismissal is **without prejudice** to Plaintiff initiating a new case accompanied by payment of the full $402.00 fee.

3. Plaintiff's motion for leave to amend complaint (Doc. 11) is **DENIED**.

4. All other pending motions are **DENIED as moot**.

5. The Clerk shall close the case file.

**DONE and ORDERED** this 1st day of August, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**